UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | |
| James D. Blaine | RE: VACANT REAL PROPERTY<br>124 Parkview Avenue, Bangor, ME 04401 |
| **Defendant** | |
| Acadia Federal Credit Union f/k/a EMMC Federal Credit Union;<br>Midland Funding, LLC;<br>Elk River Development Co. | Mortgage:<br>November 7, 2007<br>Book 11200, Page 79 |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, James D. Blaine, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank

Trust, N.A., as Trustee for LSF11 Master Participation Trust, in which the Defendant, James D. Blaine, is the obligor and the total amount owed under the terms of the Note is One Hundred Twenty-Four Thousand Six Hundred Seventy-Eight and 64/100 ($124,678.64) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, U.S. Bank Trust, N.A., (Trustee for LSF11 Master Participation Trust), is a corporate entity operating as a National Association, Charter Number 240090, and a Transfer Agent registered with the SEC, incorporated in the State of Delaware with a business address of 100 Wall Street, Suite 1600, New York, NY 10005, with main offices at 300 East Delaware Ave., Suite 901, Wilmington, DE 19809, and as Trustee for this particular trust, has its place of business at 13801 Wireless Way, Oklahoma City, OK.

5. The Defendant, James D. Blaine, is a resident of St. Augustine, County of St. Johns and State of Florida.

6. The Party-in-Interest, Acadia Federal Credit Union f/k/a EMMC Federal Credit Union, is located at 90 East Main Street, Fort Kent, ME 04743.

7. The Party-in-Interest, Elk River Development Co., is located at c/o Gregory P. Dorr, Esq., Farrell, Rosenblatt & Russell, 61 Main Street, Suite 1, Bangor, ME 04401.

8. The Party-in-Interest, Midland Funding, LLC, is located at c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

## FACTS

9. On March 13, 2007, by virtue of a Quitclaim Deed from Wells Fargo Bank, N.A., which is recorded in the Penobscot County Registry of Deeds in **Book 10883, Page 291**, the property situated at 124 Parkview Avenue, City of Bangor, County of Penobscot, and State of Maine, was conveyed to James D. Blaine, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On November 7, 2007, Defendant, James D. Blaine, executed and delivered to Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.) a certain Note under seal in the amount of $98,500.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on November 7, 2007, Defendant, James D. Blaine executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), securing the property located at 124 Parkview Avenue, Bangor, ME 04401 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 11200**, **Page 79**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage, dated October 30, 2009, and recorded in the Penobscot County Registry of Deeds in **Book 11970**, **Page 122**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On December 9, 2010, the Defendant, James D. Blaine, executed a Modification Agreement which increased the principal amount of the Note to $112,628.85 (herein after referred to as the "Modification Agreement"). *See* Exhibit E (a true and correct copy of the Modification Agreement is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage, dated March 4, 2015, and recorded in the Penobscot County Registry of Deeds in **Book 13793**, **Page 80**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage, dated August 4, 2015, and recorded in the Penobscot County Registry of Deeds in **Book 13922**, **Page 203**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On September 12, 2016, the Defendant, James D. Blaine, executed a Loan Modification Agreement, and recorded in the Penobscot County Registry of Deeds in **Book 14357**, **Page 137** (herein after referred to as the "Loan Modification"). *See* Exhibit H (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

17. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust by virtue of an Assignment of Mortgage, dated February 14, 2019, and recorded in the Penobscot County Registry of Deeds in **Book 15076**, **Page 237**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was further assigned to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust by virtue of a Quitclaim Assignment dated April 2, 2019 and recorded in the Penobscot County Registry of Deeds in **Book 15169**, **Page 124**.  *See* Exhibit J (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

19. On February 20, 2020, the Defendant, James D. Blaine, was sent a Notice of Mortgagor's Right to Cure (herein after referred to as the "Demand Letter"), as evidenced by the certified mail tracking information obtained from the USPS website, which indicates the Demand Letter was delivered to an individual at the address in Bangor, ME on February 24, 2020.  *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendant, James D. Blaine, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit K.

21. The Defendant, James D. Blaine, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

25. Midland Funding, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $3,495.83, dated September 19, 2014, and recorded in the Penobscot County Registry of Deeds in **Book 13664**, **Page 230** and is in second position behind Plaintiff's Mortgage.

26. Acadia Federal Credit Union f/k/a EMMC Federal Credit Union is a Party-in-Interest pursuant to a Writ of Execution, in favor of EMMC Federal Credit Union, in the amount of $3,606.65, dated December 18, 2015, and recorded in the Penobscot County Registry of Deeds in **Book 14055**, **Page 285** and is in third position behind Plaintiff's Mortgage.

27. Elk River Development Co. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $34,329.40, dated June 5, 2019, and recorded in the Penobscot County Registry of Deeds in **Book 15178**, **Page 134** and is in fourth position behind Plaintiff's Mortgage.

28. The total debt owed under the Note and Mortgage as of January 22, 2021 is One Hundred Twenty-Four Thousand Six Hundred Seventy-Eight and 64/100 ($124,678.64) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $99,213.38 |
| Interest | $3,112.66 |
| Escrow/Impound Required | $3,237.99 |
| Total Advances | $135.00 |
| Deferred Amounts | $18,843.29 |
| Late Charges Due | $136.32 |
| Grand Total | $124,678.64 |

29. Upon information and belief, the Defendant, James D. Blaine, is <u>not</u> presently in possession of the subject property originally secured by the Mortgage.

30. Upon information and belief, and based upon information provided by the client, the subject real property is vacant.

## COUNT I – FORECLOSURE AND SALE

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 124 Parkview Avenue, Bangor, County of Penobscot, and State of Maine. *See* Exhibit A.

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

35. The Defendant, James D. Blaine, is presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2017, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

36. The total debt owed under the Note and Mortgage as of January 22, 2021 is One Hundred Twenty-Four Thousand Six Hundred Seventy-Eight and 64/100 ($124,678.64) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $99,213.38 |
| Interest | $3,112.66 |
| Escrow/Impound Required | $3,237.99 |
| Total Advances | $135.00 |
| Deferred Amounts | $18,843.29 |
| Late Charges Due | $136.32 |
| Grand Total | $124,678.64 |

37. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

38. By virtue of the Defendant, James D. Blaine's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

39. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, James D. Blaine, on February 20, 2020, evidenced by the Certificate of Mailing. *See* Exhibit K.

40. The Defendant, James D. Blaine, is not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF NOTE

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. On November 7, 2007, the Defendant, James D. Blaine, executed under seal and delivered to Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.) a certain Note in the amount of $98,500.00. *See* Exhibit B.

43. The Defendant, James D. Blaine, is in default for failure to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit K.

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James D. Blaine.

45. The Defendant, James D. Blaine, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

46. The Defendant James D. Blaine's breach is knowing, willful, and continuing.

47. The Defendant James D. Blaine's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owed under the Note and Mortgage as of January 22, 2021, if no payments are made, is One Hundred Twenty-Four Thousand Six Hundred Seventy-Eight and 64/100 ($124,678.64) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $99,213.38 |
| Interest | $3,112.66 |
| Escrow/Impound Required | $3,237.99 |
| Total Advances | $135.00 |
| Deferred Amounts | $18,843.29 |
| Late Charges Due | $136.32 |
| Grand Total | $124,678.64 |

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. By executing, under seal, and delivering the Note, the Defendant, James D. Blaine, entered into a written contract with Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.) who agreed to loan the amount of $98,500.00 to the Defendant. *See* Exhibit B.

52. As part of this contract and transaction, the Defendant, James D. Blaine, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

53. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), and has performed its obligations under the Note and Mortgage.

54. The Defendant, James D. Blaine, breached the terms of the Note and Mortgage by failing to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit K.

55. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James D. Blaine.

56. The Defendant, James D. Blaine, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

57. The Defendant, James D. Blaine, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust in the sum of One Hundred Twenty-Four Thousand Six Hundred Seventy-Eight and 64/100 ($124,678.64) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to the Defendant.

58. Defendant James D. Blaine's breach is knowing, willful, and continuing.

59. Defendant James D. Blaine's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

60. The total debt owed under the Note and Mortgage as of January 22, 2021, if no payments are made, is One Hundred Twenty-Four Thousand Six Hundred Seventy-Eight and 64/100 ($124,678.64) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $99,213.38 |
| Interest | $3,112.66 |
| Escrow/Impound Required | $3,237.99 |
| Total Advances | $135.00 |
| Deferred Amounts | $18,843.29 |
| Late Charges Due | $136.32 |
| Grand Total | $124,678.64 |

61. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – *QUANTUM MERUIT*

62. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, loaned Defendant, James D. Blaine, $98,500.00.  *See* Exhibit B.

64. The Defendant, James D. Blaine, is in default for failure to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit K.

65. As a result of the Defendant James D. Blaine's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust.

66. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

67. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 66 as if fully set forth herein.

68. Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, loaned the Defendant, James D. Blaine, $98,500.00. *See* Exhibit B.

69. The Defendant, James D. Blaine, has failed to repay the loan obligation.

70. As a result, the Defendant, James D. Blaine, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust as successor-in-interest to Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.) by having received the aforesaid benefits and money and not repaying said benefits and money.

71. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, James D. Blaine, is in breach of the Note by failing to make payment due as of July 1, 2017, and all subsequent payments;

d) Find that the Defendant, James D. Blaine, is in breach of the Mortgage by failing to make payment due as of July 1, 2017, and all subsequent payments;

e) Find that the Defendant, James D. Blaine, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, James D. Blaine, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due July 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, James D. Blaine has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to restitution;

j) Find that the Defendant, James D. Blaine, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, for money had and received;

k) Find that the Defendant, James D. Blaine, is liable to the Plaintiff for *quantum meruit*;

l) Find that the Defendant, James D. Blaine, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, James D. Blaine, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, James D. Blaine;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, James D. Blaine, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in the amount of One Hundred Twenty-Four Thousand Six Hundred Seventy-Eight and 64/100 ($124,678.64) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Dated: February 4, 2021

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust,
By its attorneys,

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com